UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| AMANDA THIBODEAUX | : | |
| VERSUS | : | CIVIL ACTION NO. |
| THE CITY OF RAYNE, ET AL | : | |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## NOTICE OF REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

NOW INTO COURT, through undersigned counsel, come defendants, the CITY OF RAYNE, erroneously referred to as the City of Rayne through Jim Pettingjean, Mayor of Rayne; JAMES PETITJEAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER MAYOR OF THE CITY OF RAYNE, erroneously referred to as Jim Pettingjean; the RAYNE POLICE DEPARTMENT, erroneously referred to as the Rayne Police Department through Chief Carol Stelly; CHIEF CARROLL STELLY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF RAYNE, erroneously referred to as Chief Carol Stelly; and OFFICER EDDIE GUIDRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF RAYNE, erroneously referred to as PFC Eddie Guidry, and with respect represent:

1.

On September 25, 2013, plaintiff, Amanda Thibodeaux, filed a Petition for Damages in the 15th Judicial District Court, Parish of Acadia, a copy of which is attached hereto as Exhibit "A," requesting an award for damages and alleged as follows.

2.

Plaintiff alleges in paragraph 2 of her Petition for Damages that "Eddie Guidry who participated in the incident complained of herein and at all times relevant was acting under color of state law. He is sued individually and in his official capacity."

3.

Paragraph 9 of plaintiff's Petition for Damages states, "Louisiana's right to privacy, as made applicable to the State of Louisiana through the Fourteenth Amendment is explicated as follows: [T]he Fourth Amendment has interposed a magistrate between the citizen and the police.... The right of privacy was deemed too precious to entrust to the discretion of those whose job is the detection of crime and the arrest of criminals. Power is a heady thing; and history shows that the police acting on their own cannot be trusted. And so the Constitution requires a magistrate to pass on the desires of the police before they violate the privacy of the home. McDonald v. U.S., 335 U.S., 451, 456, 69 S.Ct. 191, 193, 93 L.Ed. 153 (1948)."

4.

In paragraph 13 of the Petition for Damages, plaintiff alleges that with regard to Eddie Guidry, "the actions and omissions of Defendant Guidry represent an explicit and implicit policy and custom and conventional [useage] of the City of Rayne and Rayne Police Department to violate the Constitutional rights of citizens..."

5.

Plaintiff requests punitives damages in paragraph 19 of her Petition for Damages: "The actions of Defendants were in wanton and reckless disregard for Plaintiff's clearly-established

rights, and, as a result, Defendants are liable unto Plaintiff for punitive damages as allowed by law."

6.

Plaintiff alleges deprivation of her Constitutional rights in paragraph 24 of her Petition for Damages: "Although not presently set forth and claimed herein, Plaintiff specifically shows that one (1) or more elements of her claims for damages may be based upon a deprivation of Constitutional rights."

7.

Paragraph 25 of plaintiff's Petition for Damages alleges violation of the provisions of 42 U.S.C 1983: "Plaintiff shows that to the extent discovery conducted with reference to the present proceeding reveals liability upon one (1) or more individuals acting under color of state law or otherwise subject to the provisions of 42 U.S.C. 1983, Plaintiff specifically reserves the right to amend the present Petition for Damages for the purpose of setting forth and establishing the said claim(s)." The plaintiff has already made such allegations in paragraph 2 of the original Petition for Damages!!

8.

No defendant has been served in this matter as of this date as, upon filing of her Petition for Damages, plaintiff withheld service. Plaintiff has filed no further request for service on any defendant; however, the defendants have notice of these allegations and, without waiving any motions, exceptions, or defenses they may have as to substance, jurisdiction or procedure, do hereby request the timely removal of this matter.

9.

Appearers desire and are entitled to remove the above suit from the 15th Judicial District Court, Acadia Parish, Louisiana, to federal court, the United States District Court for the Western District of Louisiana, pursuant to the provisions of 28 U.S.C. § 1331 and § 1441(a)(b).

10.

Upon filing of this Notice of Removal, counsel for appearers will give written notice to the plaintiff and will file a copy of the Notice of Removal with the Clerk of Court of the 15th Judicial District Court, Acadia Parish, Louisiana.

11.

The consent of no other defendants is required.

WHEREFORE, appearers pray that the suit entitled, "Amanda Thibodeaux vs. The City of Rayne, et al," Docket Number 2013-11000-E on the docket of the 15th Judicial District Court, Acadia Parish, Louisiana, be removed to the United States District Court, Western District of Louisiana and that the 15th Judicial District Court, Acadia Parish, Louisiana, proceed no further therein unless the case is remanded.

Respectfully submitted,

BORNE & WILKES, L.L.C.

BY: _____s/John F. Wilkes, III_____
      JOHN F. WILKES, III (Bar Roll #01644), T.A.
      JOY C. RABALAIS (Bar Roll #26476)
      RAY F. LUCAS, III (Bar Roll #27558)
      TONYA R. SMITH (Bar Roll #30065)
      KATHY L. SMITH (Bar Roll #30731)
      ADRIANE M. REESE (Bar Roll #34721)
      200 West Congress Street, Suite 1000
      Post Office Box 4305
      Lafayette, Louisiana 70502-4305
      Telephone: (337) 232-1604 Ext. 201
      Facsimile: (337) 232-1837
      E-mail: wilkes@bornewilkes.com

ATTORNEYS FOR THE CITY OF RAYNE; JAMES PETITJEAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER MAYOR OF THE CITY OF RAYNE; THE RAYNE POLICE DEPARTMENT; CHIEF CARROLL STELLY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF RAYNE; AND OFFICER EDDIE GUIDRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF RAYNE

## CERTIFICATE

I HEREBY CERTIFY that on November 14, 2013, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system and that a copy of the above and foregoing pleading has been served upon counsel for plaintiff to this

proceeding by mailing the same to him by first class United States mail, properly addressed, postage prepaid, at the following address:

Mr. S. Stephen Spring, II
Spring & Spring, LLC
733 East Airport Avenue, Suite 104
Baton Rouge, LA  70806
Attorney for Plaintiff.

        s/John F. Wilkes, III
      JOHN F. WILKES, III (Bar Roll #01644)
        BORNE & WILKES, L.L.C.
         Attorney for Defendants

| | |
|---|---|
| AMANDA THIBODEAUX<br>*Plaintiff*<br><br>v.<br><br>THE CITY OF RAYNE THROUGH JIM PETTINGJEAN, MAYOR OF RAYNE, SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; RAYNE POLICE DEPARTMENT THROUGH CHIEF CAROL STELLY, CHIEF OF POLICE, SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; AND PFC EDDIE GUIDRY, SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY | DOCKET NO:<br>15TH JUDICIAL DISTRICT COURT<br>PARISH OF ACADIA<br>STATE OF LOUISIANA<br><br>2013 11000-E |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Plaintiff herein, AMANDA THIBODEAUX a resident and domiciliary of the Parish of Acadia, State of Louisiana, who files this Petition for Damages and who, with respect to same, does hereby allege, aver, state, and claim as follows, to wit:

Made defendants herein are:

1. **The City of Rayne**, through its elected head, Jim Pettingjean, Mayor. The City of Rayne is a municipality of Louisiana governed pursuant to Article VI of the Constitution of Louisiana Lawrason Act. Defendant is sued in his official and individual capacities.

2. **Chief Carol Stelly**, elected Chief of Police for the City of Rayne, the ultimate authority for the City of Rayne Police Department. Defendant Stelly is responsible for the setting of explicit, and implicit policies, and customs designed to protect the Constitutional and statutory rights of all citizens of the Parish of Acadia and City of Rayne, Louisiana. Defendant Stelly is also the ultimate authority responsible for the screening, hiring, training and supervision of all police officers in the Department, including but not limited to Defendant: Eddie Guidry who participated in the incident complained of herein and at all times relevant was acting under color of state law. He is sued individually and in his official capacity. He resides and is domiciled in Acadia Parish.

3. **Police Officer Eddie Guidry**, employed by the Rayne Police Department, who at all times relevant to the incident complained of herein was acting under color of state law. Officer Guidry resides and is domiciled in Acadia Parish, upon information and belief. He is sued individually and in his official capacity.

4. On September 25, 2012, Plaintiff, Amanda Thibodeaux, was operating a motor vehicle



within the jurisdiction of the City of Rayne and was stopped for an alleged violation of speeding in excess of the ordinance limit of 25miles per hour when no signs regarding speed limits are posted.

5. When Plaintiff protested the stop, she received shocking, offensive and prohibited treatment by the intruding officer [1], Defendant Eddie Guidry, who arrested Plaintiff for resisting arrest despite the fact that under Louisiana Revised Statutes, Title 32 § 57's specific provisions, a refusal to sign one's name to a ticket/summons is not a basis for arrest, particularly with the charge of resisting arrest; a charge lodged by Guidry without warrant.

6. In addition, during her encounter with Defendant Guidry, Two Hundred ($200.00) and No/100 Dollars were removed and converted from her purse and seized by Defendant Guidry.

7. Plaintiff suggests that she was more than justified in resisting the unlawful arrest, had an arrest been intended, she was justified in resisting an unlawful invasion of her property. See: *State v. Ceaser*, 02-3021 (La. 10/21/03), 859 So. 2d 639.

8. Ironically, Defendant Guidry was under an affirmative obligation to not only protect your Mover from an illegal arrest, but also to refrain from conversion of her personal property. See: *Thurman v. City of Torrington*, 595 F. Supp. 1521, 1527 (D. Conn. 1984). In a similar case, Louisiana's Third Circuit affirmed these submittals. See: *City of Lafayette v. Cheryl Patin*, Case No. KW 09-00105, (3rd Cir. 4/19/09).

9. Louisiana's right to privacy, as made applicable to the State of Louisiana through the Fourteenth Amendment is explicated as follows:

[T]he Fourth Amendment has interposed a magistrate between the citizen and the police.... The right of privacy was deemed too precious to entrust to the discretion of those whose job is the detection of crime and the arrest of criminals. Power is a heady thing; and history shows that the police acting on their own cannot be trusted. And so the Constitution requires a magistrate to pass on the desires of the police before they violate the privacy of the home. McDonald v. U.S., 335 U.S. 451, 456, 69 S.Ct. 191, 193, 93 L.Ed. 153 (1948).

10. After being arrested, Plaintiff retained counsel at personal expense to defend against the false and warrantless arrest.

11. All charges were dismissed.

12. Amanda Thibodeaux suffered monetary loss, emotional distress, mental anguish, loss of income, and all manner of other attendant losses as a result of the actions of the Defendants.

13. The actions and omissions of Defendant Guidry represent an explicit and implicit policy and custom and conventional useage of the City of Rayne and Rayne Police Department to

---

[1] Defendant is approximately 5'1" and 110 lbs while the officer is 6'3" and approximately 280 pounds.



violate the Constitutional rights of citizens embodied by Defendant Guidry on September 25, 2012, during the incident with Plaintiff.

14. Defendant Guidry falsely arrested Plaintiff. To establish a false arrest claim, the plaintiff must prove that the arrest was unlawful and that the unlawful arrest resulted in injury." Saucier v. Players Lake Charles, L.L.C., 99-1196 (La.App. 3 Cir. 12/22/99), 751 So.2d 312, 316.

15. Defendant Guidry's actions resulted in Plaintiff being falsely imprisoned: "False imprisonment is the unlawful and total restraint of the liberty of the person." Crossett v. Campbell, 122 La. 659, 48 So. 141 (1908), cited as "the leading case" by Stone - Louisiana Civil Law Treatise, Vol. 12, La. Tort Doctrine, Sec. 203, at p. 267 (1977)..

16. Defendant Guidry's actions, as alleged herein, amount to malicious prosecution and meet each of the six (6) elements for malicious prosecution as defined by our Louisiana Supreme Court., Eusant v. Unity Industrial Life Insurance and Sick Benefit Association of New Orleans, Inc., 195 La. 347, 196 So. 554 (1940), Robinson v. Goudchaux's, 307 So.2d 287 (La. 1975), Johnson v. Pearce, 313 So.2d 812 (La. 1975), *all as cited in* Lees v. Smith, 363 So.2d 974, 978 (La.App. 3 Cir., 1978).

17. Defendant Guidry's actions meet each of the essential elements in Louisiana for a successful action in defamation: (1) defamatory words, (2) communication to persons other than the one alleging the action, (3) falsity, (4) malice, actual or implied, (5) resulting injury. Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958), Rougeau v. Firestone Tire & Rubber Co., 274 So.2d 454 (La.App. 3 Cir. 1973), Sas Jaworsky v. Padfield, 211 So.2d 122 (La.App. 3 Cir. 1968), Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2 Cir. 1975).

18. As a result of the above described events, Plaintiff suffered the following damages, which include, but are not limited to the following:

    A. Past, present and future medical, hospital, doctor, and related expenses;
    B. Past, present and future physical pain and suffering;
    C. Past, present and future mental anguish and anxiety;
    D. Past, present and future lost wages and diminished earning capacity;
    E. Past, present, and future emotional distress;
    F. Past, present, and future loss of enjoyment of life;
    G. Past, present, and future embarrassment and humiliation;
    H. Past, present, and future loss of consortium;
    I. Residual physical disability; and,
    J. Such other damages which are caused by the aforesaid incidents and which were sustained by the plaintiff.

19. The actions of Defendants were in wanton and reckless disregard for Plaintiff's clearly-established rights, and, as a result, Defendants are liable unto Plaintiff for punitive damages as allowed by law.

20. Plaintiff is entitled to and does hereby seek an award of all such other various and sundry relief to which she may be entitled in these premises.

21. Plaintiff avers she has raised claims which subtend allegations of abuse of process, false arrest, false imprisonment, defamation, and malicious prosecution.

22. Plaintiff would respectfully show that the one (1) year prescriptive period for a claim of false imprisonment runs from the date of release from prison unless interrupted or suspended. Restrepo v. Fortunato, 556 So.2d 1362, 1363 (La. App. 5th Cir. 1990).

23. Where the actions of the Defendants coalesced to keep Plaintiff incarcerated until release on the same date of arrest, the present lawsuit, filed within one (1) year of that date, is *per se* timely for all material purposes.

24. Although not presently set forth and claimed herein, Plaintiff specifically shows that one (1) or more elements of her claims for damages may be based upon a deprivation of Constitutional rights.

25. Plaintiff shows that to the extent discovery conducted with reference to the present proceeding reveals liability upon one (1) or more individuals acting under color of state law or otherwise subject to the provisions of 42 U.S.C. 1983, Plaintiff specifically reserves the right to amend the present Petition for Damages for the purpose of setting forth and establishing the said claim(s).

   **WHEREFORE**, Plaintiff **Amanda Thibodeaux.** prays that the Defendants be served with this petition, and after being duly cited to appear and answer same and the expiration of all legal delays and due proceedings are had, that there be judgment to include punitive damages rendered herein in favor of Plaintiff, and against Defendants, City of Rayne, through its Mayor, Jim Pettingjean, Chief Carol Stelly, individually and in his capacity as Chief of the Rayne Police Department, and Officer Eddie Guidry, in his Individual and Official Capacities, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and all such other equitable and just relief to which plaintiffs may be entitled in these premises.



Respectfully Submitted,

SPRING & SPRING, LLC
Attorneys at Law

_____
S. Stephen Spring, II, Esq.
Louisiana Bar Roll Number: 12,347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
225-932-9671 (telephone)
413-451-8923 (facsimile)
springlaw@gmail.com
Counsel for Plaintiff

PLEASE WITH HOLD SERVICE.

FILED 09-25-2013
Betty b Hodgson
DY. CLERK OF COURT
ACADIA PARISH, LA