UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

AMANDA THIBODEAUX :

VERSUS : CIVIL ACTION NO.

THE CITY OF RAYNE, ET AL :

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

<u>LIST OF STATE COURT PROCEEDINGS</u>

The following is a list of all documents included in the state court record, i.e., "Amanda Thibodeaux vs. The City of Rayne, et al," Docket Number 2013-11000-E on the docket of the 15th Judicial District Court, Acadia Parish, Louisiana:

1.   Faxed copy of Petition for Damages.

2.   Facsimile Transmission Cover Sheet of S. Stephen Spring, II to Clerk of Court dated September 25, 2013.

3.   Letter from S. Stephen Spring, II to Honorable Robert Barousse, Acadia Parish Clerk of Court, dated September 25, 2013.

4.   Transmission Report confirming fax of Robert T. "Robby" Barousse, Clerk of Court - Acadia Parish, to S. Stephen Spring, II indicating Petition for Damages filed September 25, 2013.

5.   Receipt of Transmission of Robert T. "Robby" Barousse, Clerk of Court - Acadia Parish, to S. Stephen Spring, II indicating Petition for Damages filed September 25, 2013.

6.   Original of Petition for Damages marked "received" by Acadia Parish Clerk of Court on October 2, 2013.

7.   Original of letter from S. Stephen Spring, II to Honorable Robert Barousse, Acadia Parish Clerk of Court, dated September 25, 2013 and marked "received" by Acadia Parish Clerk of Court on October 2, 2013.

8.   Acadia Parish Daily Log Receipt indicating payment of $250.00 by Spring & Spring.

9.    Civil Case Cover Sheet marked "received" by Acadia Parish Clerk of Court on October 7, 2013.

I hereby certify that these are all the documents filed in the state court record as of the

date the Notice of Removal was filed.  A copy of these documents is attached.

Respectfully submitted,

BORNE & WILKES, L.L.C.


BY:    _____s/John F. Wilkes, III_____
             JOHN F. WILKES, III (Bar Roll #01644), T.A.
             JOY C. RABALAIS (Bar Roll #26476)
             RAY F. LUCAS, III (Bar Roll #27558)
             TONYA R. SMITH (Bar Roll #30065)
             KATHY L. SMITH (Bar Roll #30731)
             ADRIANE M. REESE (Bar Roll #34721)
             200 West Congress Street, Suite 1000
             Post Office Box 4305
             Lafayette, Louisiana  70502-4305
             Telephone:  (337) 232-1604 Ext. 201
             Facsimile:  (337) 232-1837
             E-mail:  wilkes@bornewilkes.com

             ATTORNEYS FOR THE CITY OF RAYNE; JAMES
             PETITJEAN, INDIVIDUALLY AND IN HIS
             OFFICIAL CAPACITY AS FORMER MAYOR OF
             THE CITY OF RAYNE; THE RAYNE POLICE
             DEPARTMENT; CHIEF CARROLL STELLY,
             INDIVIDUALLY AND IN HIS OFFICIAL
             CAPACITY AS CHIEF OF POLICE OF THE CITY
             OF RAYNE; AND OFFICER EDDIE GUIDRY,
             INDIVIDUALLY AND IN HIS OFFICIAL
             CAPACITY AS A POLICE OFFICER FOR THE CITY
             OF RAYNE

<u>CERTIFICATE</u>

I HEREBY CERTIFY that on November 14, 2013, a copy of the foregoing List of State Court Proceedings was filed electronically with the Clerk of Court using the CM/ECF system and that a copy of the above and foregoing pleading has been served upon counsel for plaintiff to this proceeding by mailing the same to him by first class United States mail, properly addressed, postage prepaid, at the following address:

Mr. S. Stephen Spring, II
Spring & Spring, LLC
733 East Airport Avenue, Suite 104
Baton Rouge, LA  70806
Attorney for Plaintiff.

s/John F. Wilkes, III
_____

JOHN F. WILKES, III (Bar Roll #01644)
BORNE & WILKES, L.L.C.
Attorney for Defendants

AMANDA THIBODEAUX
*Plaintiff*

v.

THE CITY OF RAYNE THROUGH JIM
PETTINGJEAN, MAYOR OF RAYNE, SUED IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES;
RAYNE POLICE DEPARTMENT THROUGH
CHIEF CAROL STELLY, CHIEF OF POLICE,
SUED IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES; AND PFC EDDIE GUIDRY,
SUED INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY

DOCKET NO:
15TH JUDICIAL DISTRICT COURT
PARISH OF ACADIA
STATE OF LOUISIANA

201311000-E

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Plaintiff herein, AMANDA

THIBODEAUX a resident and domiciliary of the Parish of Acadia, State of Louisiana, who files

this Petition for Damages and who, with respect to same, does hereby allege, aver, state, and

claim as follows, to wit:

Made defendants herein are:

1.     The City of Rayne, through its elected head, Jim Pettingjean, Mayor.  The City of

Rayne is a municipality of Louisiana governed  pursuant to Article VI of the Constitution of

Louisiana Lawreson Act. Defendant is sued in his official and individual capacities.

2.     Chief Carol Stelly, elected Chief of Police for the City of Rayne, the ultimate authority

for the City of Rayne Police Department. Defendant Stelly is responsible for the setting of

explicit, and implicit policies, and customs designed to protect the Constitutional and statutory

rights of all citizens of the Parish of Acadia and City of Rayne, Louisiana. Defendant Stelly is

also the ultimate authority responsible for the screening, hiring, training and  supervision of all

police officers in the Department, including but not limited to Defendant: Eddie Guidry who

participated in the incident complained of herein and at all times relevant was acting  under color

of state law. He is sued individually and in his official capacity. He resides and is domiciled in

Acadia Parish.

3.     Police Officer Eddie Guidry, employed by the Rayne Police Department, who at all

times relevant to the incident complained of herein was acting under color of state law. Officer

Guidry resides and is domiciled in Acadia Parish, upon information and belief. He is sued

individually and in his official capacity.

4.     On September 25, 2012, Plaintiff, Amanda Thibodeaux, was operating  motor vehicle

within the jurisdiction of the City of Rayne and was stopped for an alleged violation of speeding in excess of the ordinance limit of 25miles per hour when no signs regarding speed limits are posted.

5.      When Plaintiff  protested the stop , she received shocking, offensive and prohibited treatment by the intruding officer [1] , Defendant Eddie Guidry, who arrested Plaintiff for resisting arrest despite the fact that under Louisiana Revised Statutes, Title 32 § 57's specific provisions, a refusal to sign one's name to a ticket/summons is not a basis for arrest, particularly with the charge of resisting arrest;  a charge lodged by Guidry without warrant.

6.      In addition, during her encounter with Defendant Guidry, Two Hundred ($200.00) and No/100 Dollars were removed and converted from her purse and seized by Defendant Guidry.

7.      Plaintiff suggests that she was more than justified in resisting the unlawful arrest, had an arrest been intended, she was justified in resisting an unlawful invasion of her property.  See: *State v. Ceaser*, 02-3021 (La. 10/21/03), 859 So. 2d 639.

8.      Ironically, Defendant Guidry was under an affirmative obligation to not only protect your Mover from an illegal arrest, but also to refrain from conversion of her personal property.  See: *Thurman v. City of Torrington*, 595 F. Supp. 1521, 1527 (D. Conn. 1984). In a similar case, Louisiana's Third Circuit affirmed these submittals. See: *City of Lafayette v. Cheryl Palin*, Case No. KW 09-00105, (3rd Cir. 4/19/09).

9.      Louisiana's right to privacy, as made applicable to the State of Louisiana through the Fourteenth Amendment is explicated as follows:

> [T]he Fourth Amendment has interposed a magistrate between the citizen and the police.... The right of privacy was deemed too precious to entrust to the discretion of those whose job is the detection of crime and the arrest of criminals. Power is a heady thing; and history shows that the police acting on their own cannot be trusted.  And so the Constitution requires a magistrate to pass on the desires of the police before they violate the privacy of the home. McDonald v. U.S., 335 U.S. 451, 456, 69 S.Ct. 191, 193, 93 L.Ed. 153 (1948).

10.     After being arrested, Plaintiff retained counsel at personal expense to defend against the false and warrantless arrest.

11.     All charges were dismissed.

12.     Amanda Thibodeaux suffered monetary loss, emotional distress, mental anguish, loss of income, and all manner of other attendant losses as a result of the actions of the Defendants.

13.     The actions and omissions of Defendant Guidry represent an explicit and implicit policy and custom and conventional useage of the City of Rayne and Rayne Police Department to

---

[1] Defendant is approximately 5'1" and 110 lbs while the officer is 6'3" and approximately 280 pounds.



violate the Constitutional rights of citizens embodied by Defendant Guidry on September 25, 2012, during the incident with Plaintiff.

14.     Defendant Guidry falsely arrested Plaintiff. To establish a false arrest claim, the plaintiff must prove that the arrest was unlawful and that the unlawful arrest resulted in injury." Saucier v. Players Lake Charles, L.L.C., 99-1196 (La.App. 3 Cir. 12/22/99), 751 So.2d 312, 316.

15.     Defendant Guidry's actions resulted in Plaintiff being falsely imprisoned: "False imprisonment is the unlawful and total restraint of the liberty of the person." Crossett v. Campbell, 122 La. 659, 48 So. 141 (1908), cited as "the leading case" by Stone - Louisiana Civil Law Treatise, Vol. 12, La. Tort Doctrine, Sec. 203, at p. 267 (1977).

16.     Defendant Guidry's actions, as alleged herein, amount to malicious prosecution and meet each of the six (6) elements for malicious prosecution as defined by our Louisiana Supreme Court ., Eusant v. Unity Industrial Life Insurance and Sick Benefit Association of New Orleans, Inc., 195 La. 347, 196 So. 554 (1940), Robinson v. Goudchaux's, 307 So.2d 287 (La. 1975), Johnson v. Pearce, 313 So.2d 812 (La. 1975), all as cited in Lees v. Smith, 363 So.2d 974, 978 (La.App. 3 Cir., 1978).

17.     Defendant Guidry's actions   meet each of the essential elements in Louisiana for a successful action in defamation: (1) defamatory words, (2) communication to persons other than the one alleging the action, (3) falsity, (4) malice, actual or implied, (5) resulting injury.  Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958), Rougeau v. Firestone Tire & Rubber Co., 274 So.2d 454 (La.App. 3 Cir. 1973), Sas Jaworsky v. Padfield, 211 So.2d 122 (La.App. 3 Cir. 1968), Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2 Cir. 1975).

18.     As a result of the above described events, Plaintiff suffered the following damages, which include, but are not limited to the following:

    A.     Past, present and future medical, hospital, doctor, and related expenses;
    B.     Past, present and future physical pain and suffering;
    C.     Past, present and future mental anguish and anxiety;
    D.     Past, present and future lost wages and diminished earning capacity;
    E.     Past, present, and future emotional distress;
    F.     Past, present, and future loss of enjoyment of life;
    G.     Past, present, and future embarrassment and humiliation;
    H.     Past, present, and future loss of consortium;
    I.     Residual physical disability; and,
    J.     Such other damages which are caused by the aforesaid incidents and which were sustained by the plaintiff.

19. The actions of Defendants were in wanton and reckless disregard for Plaintiff's clearly-established rights, and, as a result, Defendants are liable unto Plaintiff for punitive damages as allowed by law.

20. Plaintiff is entitled to and does hereby seek an award of all such other various and sundry relief to which she may be entitled in these premises.

21. Plaintiff avers she has raised claims which subtend allegations of abuse of process, false arrest, false imprisonment, defamation, and malicious prosecution.

22. Plaintiff would respectfully show that the one (1) year prescriptive period for a claim of false imprisonment runs from the date of release from prison unless interrupted or suspended. Restrepo v. Fortunato, 556 So.2d 1362, 1363 (La. App. 5th Cir. 1990).

23. Where the actions of the Defendants coalesced to keep Plaintiff incarcerated until release on the same date of arrest, the present lawsuit, filed within one (1) year of that date, is *per se* timely for all material purposes.

24. Although not presently set forth and claimed herein, Plaintiff specifically shows that one (1) or more elements of her claims for damages may be based upon a deprivation of Constitutional rights.

25. Plaintiff shows that to the extent discovery conducted with reference to the present proceeding reveals liability upon one (1) or more individuals acting under color of state law or otherwise subject to the provisions of 42 U.S.C. 1983, Plaintiff specifically reserves the right to amend the present Petition for Damages for the purpose of setting forth and establishing the said claim(s).

**WHEREFORE**, Plaintiff Amanda Thibodeaux. prays that the Defendants be served with this petition, and after being duly cited to appear and answer same and the expiration of all legal delays and due proceedings are had, that there be judgment to include punitive damages rendered herein in favor of Plaintiff, and against Defendants, City of Rayne, through its Mayor, Jim Pettingjean, Chief Carol Stelly, individually and in his capacity as Chief of the Rayne Police Department, and Officer Eddie Guidry, in his Individual and Official Capacities, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and all such other equitable and just relief to which plaintiffs may be entitled in these premises.



Respectfully Submitted,

SPRING & SPRING, LLC
Attorneys at Law

S. Stephen Spring, II, Esq.
Louisiana Bar Roll Number: 12,347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
225-932-9671 (telephone)
413-451-8923 (facsimile)
springlaw@gmail.com
Counsel for Plaintiff

PLEASE WITH HOLD SERVICE.

Joy
FILED _09_ _25_ -2013
Betty B Hodgers
DY. CLERK OF COURT
ACADIA PARISH, LA

PETITION FOR DAMAGES          THIBODEAUX V. CITY OF RAYNE, ET AL          PAGE 6 OF 6

**Spring & Spring, LLC**
**Attorneys at Law**
*"Making the Law Work For You All Over the World"*



Stanley A. Spring, Esq. - Florida Bar
S. Stephen Spring, II, Esq. - Louisiana Bar
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806

Telephone: 225-932-9671
Facsimile: 413-451-8923
Email: springlaw@gmail.com
Web: www.springlaw.net

John S. Penton, Jr., Esq. - Florida Bar *
David Mahdavi, Esq. - Virginia. Bar *
Julie S. Page, Esq. - California Bar *
* Of Counsel Member

Wash. D.C.: 202-465-4696
Miami, FL: 305-677-3847
London: 44-208-181-6545
U.K. Fax: 44-208-181-6545

Spring & Spring LLC
Communications House
Mayfair
London
W1U 6PZ

FACSIMILE TRANSMISSION COVER SHEET

DATE:                25 September 2013

TO:                  Clerk of Court

FROM:                S. Stephen Spring, II

RE:                  Amanda Thibodeaux v
                     Doc. # TBA Sec.: TBA

FAX:                 337-788-1048

NUMBER:
OF PAGES:            ( - 8 - )* This includes cover sheet

Hard Copy: [ X ] WILL;   [   ] WILL NOT Follow

WARNING

The following contents are confidential and protected by law intended solely for the recipient indicated above. All information is protected under attorney/client privilege and attorney work product. If you have received this in error, do not proceed further. Please telephone the above number and we will be happy to pay any long distance charges if applicable.

Thank you.
Spring & Spring, LLC
Attorneys At Law
Baton Rouge , Louisiana USA
Tel: 225.932.9671



# Spring & Spring, LLC
## Attorneys at Law
### *"Making the Law Work For You All Over the World"*

Stanley A. Spring, Esq. - Florida Bar
S. Stephen Spring, II, Esq. - Louisiana Bar

733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806

Telephone: 225-932-9671
Facsimile: 413-451-8923
springlaw@gmail.com
www.springlaw.net



John S. Penton, Jr., Esq. - Florida Bar *
David Mahdavi, Esq. - Virginia. Bar *
Julie S. Page, Esq. - California Bar *
* Of Counsel Member

Wash. D.C.: 202-465-4696
Miami, FL: 305-677-3847
U.K. Fax: 44-208-181-6545

Spring & Spring LLC
Communications House
Mayfair
London
W1U 6PZ

25 September 2013
(Sent Via Facsimile 337.788.1048 and USPS)

Honorable Robert Barousse
Acadia Parish Clerk of Court
Post Office Box 922
Crowley, Louisiana 70527-0922
337.788.8881 (telephone)
337.788.1048 (facsimile)

> Re:   Thibodeaux v
>        Docket No. TBA Div: "TBA"
>        Fifteenth Judicial District Court
>        Parish of Acadia, State of Louisiana

Dear Honorable Clerk:

Please find following Plaintiff's Petition for Damages, which is sent via facsimile transmission of this filing in accordance with La. R.S. 13:850(A) which provides: "Any paper in a civil action may be filed with the court by facsimile transmission." In addition, Louisiana's Supreme Court has ruled that "Clearly, the filing of a petition by facsimile transmission is a 'service required by law' of a clerk of court, as La. R.S. 13:850 mandates that "[a]ll clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions." Tenney v. Burlington Northern & Sante Fe Ry. Co., 2003-1260, p. *4 (La. 1/21/04), 863 So.2d 526, 528, emphasis in original.

In accordance with said statute and the Louisiana Supreme Court's mandate, I would request you fax "a receipt of transmission" to my law offices at 413-451-8923. I will have the original signed document sent to you within five (5) days with the appropriate filing fee drafted on the firm's account. Should have any questions about this matter, please feel free to call our Baton Rouge offices at 225-932-9671.

---

THIBODEAUX V. CITY OF
RAYNE ET AL

LETTER TO CLERK OF COURT

PAGE 1 OF 2



SPRING & SPRING, LLC    ATTORNEYS AT LAW

Sincerely yours,

**Spring & Spring, LLC**
Attorneys at Law

/s/ S. Stephen Spring, II
S. Stephen Spring, II, Esq.
SSS:kep

Cc: Client

Enclosures: [Petition for Damages ; SASE; Firm Check ]

Transmission Report

| Date/Time | 09-25-2013 | 11:23:57 a.m. | Transmit Header Text | ACADIA CLK OF COURT |
|-----------|------------|---------------|---------------------|---------------------|
| Local ID 1 | 3377881048 | | Local Name 1 | RECORDING |

This document : Confirmed

(reduced sample and details below)

Document size : 8.5"x11"

**Robert T. "Robby" Barousse**
Clerk of Court - Acadia Parish
500 NE Court Circle, Crowley, LA 70526
P.O. Box 922, Crowley, LA 70527-0922
Phone: 337-788-8881
Fax: 337-783-3855

RECEIPT OF TRANSMISSION

AMANDA THIBODEAUX
VS.
CITY OF RAYNE ET AL
Docket #:201311000 E

S. Stephen Spring II
413.451.8923

Our Office has received and filed the following pleading(s) in the above
captioned matter.

Pleading (s): Petition for Damages

Time Received: September 25, 2015 @10:13 am

Date Filed: September 25, 2013

Denise D Myers
Deputy Clerk of Court
Acadia Parish
Crowley La.

***PLEASE ATTACH A COPY OF THIS TRANSMISSION REPORT TO THE
ORIGINAL DOCUMENTS–THANK YOU***

ADVANCE DEPOSIT REQUIRED: $250.00

Total Pages Scanned : 1          Total Pages Confirmed : 1

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|-----|-----|----------------|------------|----------|-------|------|------|----------|---------|
| 001 | 566 | 1-413-451-8923 | 11:23:06 a.m. 09-25-2013 | 00:00:33 | 1/1 | 1 | G3 | HS | CP14400 |

Abbreviations:
HS: Host send          PL: Polled local          MP: Mailbox print     CP: Completed          TS: Terminated by system
HR: Host receive       PR: Polled remote         RP: Report            FA: Fail               G3: Group 3
WS: Waiting send       MS: Mailbox save          FF: Fax Forward       TU: Terminated by user EC: Error Correct

# Robert T. "Robby" Barousse
## Clerk of Court - Acadia Parish
500 NE Court Circle, Crowley, LA 70526
P.O. Box 922, Crowley, LA 70527-0922
Phone: 337-788-8881
Fax: 337-783-3855

### RECEIPT OF TRANSMISSION

**AMANDA THIBODEAUX**
VS.
**CITY OF RAYNE ET AL**
Docket #:201311000 E

**S. Stephen Spring II**
**413.451.8923**

   Our Office has received and filed the following pleading(s) in the above captioned matter.

Pleading (s):  Petition for Damages

Time Received:  September 25, 2015  @10:13 am

Date Filed:  September 25, 2013

                    Denise D Myers
                    Deputy Clerk of Court
                    Acadia Parish
                    Crowley La.

***PLEASE ATTACH A COPY OF THIS TRANSMISSION REPORT TO THE ORIGINAL DOCUMENTS--THANK YOU***

<u>**ADVANCE DEPOSIT REQUIRED:**</u> **$250.00**





2013 OCT -2 - A 10: 00

RECEIVED
ACADIA PARISH
CLERK OF COURT
CROWLEY LA.

AMANDA THIBODEAUX
    *Plaintiff*

v.

THE CITY OF RAYNE THROUGH JIM
PETTINGJEAN, MAYOR OF RAYNE, SUED IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES;
RAYNE POLICE DEPARTMENT THROUGH
CHIEF CAROL STELLY, CHIEF OF POLICE,
SUED IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES; AND PFC EDDIE GUIDRY,
SUED INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY

DOCKET NO: 201311000-E
15TH JUDICIAL DISTRICT COURT
PARISH OF ACADIA
STATE OF LOUISIANA

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Plaintiff herein, **AMANDA THIBODEAUX** a resident and domiciliary of the Parish of Acadia, State of Louisiana, who files this Petition for Damages and who, with respect to same, does hereby allege, aver, state, and claim as follows, to wit:

Made defendants herein are:

1.    **The City of Rayne,** through its elected head,   Jim Pettingjean, Mayor.   The City of Rayne is a municipality of Louisiana governed   pursuant to Article VI of the Constitution of Louisiana Lawrason Act.  Defendant is sued in his official and individual capacities.

2.    **Chief Carol Stelly,** elected Chief of Police for the City of Rayne, the ultimate authority for the City of Rayne Police Department. Defendant Stelly is responsible for the setting of explicit, and implicit policies, and customs designed to protect the Constitutional and statutory rights of all citizens of the Parish of Acadia and City of Rayne, Louisiana.  Defendant Stelly  is also the ultimate authority responsible for the screening, hiring, training and  supervision of all police officers in the Department, including but not limited to Defendant: Eddie Guidry who participated in the incident complained of herein and at all times relevant was acting  under color of state law. He is sued individually and in his official capacity. He resides and is domiciled in Acadia Parish.

3.    **Police Officer Eddie Guidry,** employed by the Rayne Police Department, who at all times relevant to the incident complained of herein was acting under color of state law.  Officer Guidry resides and is domiciled in Acadia Parish, upon information and belief. He is sued individually and in his official capacity.

4.    On September 25, 2012, Plaintiff, Amanda Thibodeaux, was operating a motor vehicle



within the jurisdiction of the City of Rayne and was stopped for an alleged violation of speeding in excess of the ordinance limit of 25miles per hour when no signs regarding speed limits are posted.

5.      When Plaintiff  protested the stop , she received shocking, offensive and prohibited treatment by the intruding officer [1] , Defendant Eddie Guidry, who arrested Plaintiff for resisting arrest despite the fact that under Louisiana Revised Statutes, Title 32 § 57's  specific provisions, a refusal to sign one's name to a ticket/summons is not a basis for arrest, particularly with the charge of resisting arrest;  a charge lodged by Guidry without warrant.

6.      In addition, during her encounter with Defendant Guidry, Two Hundred ($200.00) and No/100 Dollars were removed and converted from her purse and seized by Defendant Guidry.

7.      Plaintiff suggests that she was more than justified in resisting the unlawful arrest, had an arrest been intended, she was justified in resisting an unlawful invasion of her property.  See: *State v. Ceaser*, 02-3021 (La. 10/21/03), 859 So. 2d 639.

8.      Ironically, Defendant Guidry was under an affirmative obligation to not only protect your Mover from an illegal arrest, but also to refrain from conversion of her personal property.  See: *Thurman v. City of Torrington*, 595 F. Supp. 1521, 1527 (D. Conn. 1984). In a similar case, Louisiana's Third Circuit affirmed these submittals. See: *City of Lafayette v. Cheryl Patin*, Case No. KW 09-00105, (3rd Cir. 4/19/09).

9.      Louisiana's right to privacy, as made applicable to the State of Louisiana through the Fourteenth Amendment is explicated as follows:

[T]he Fourth Amendment has interposed a magistrate between the citizen and the police.... The right of privacy was deemed too precious to entrust to the discretion of those whose job is the detection of crime and the arrest of criminals.  Power is a heady thing; and history shows that the police acting on their own cannot be trusted.  And so the Constitution requires a magistrate to pass on the desires of the police before they violate the privacy of the home.  McDonald v. U.S., 335 U.S. 451, 456, 69 S.Ct. 191, 193, 93 L.Ed. 153 (1948).

10.     After being arrested, Plaintiff retained counsel at personal expense to defend against the false and warrantless arrest.

11.     All charges were dismissed.

12.     Amanda Thibodeaux suffered monetary loss, emotional distress, mental anguish, loss of income, and all manner of other attendant losses as a result of the actions of the Defendants.

13.     The actions and omissions of Defendant Guidry represent an explicit and implicit policy and custom and conventional useage of the City of Rayne and Rayne Police Department to

---

[1] Defendant is approximately 5'1" and 110 lbs while the officer is 6'3" and approximately 280 pounds.



violate the Constitutional rights of citizens embodied by Defendant Guidry on September 25, 2012, during the incident with Plaintiff.

14.     Defendant Guidry falsely arrested Plaintiff. To establish a false arrest claim, the plaintiff must prove that the arrest was unlawful and that the unlawful arrest resulted in injury." <u>Saucier v. Players Lake Charles, L.L.C.</u>, 99-1196 (La.App. 3 Cir. 12/22/99), 751 So.2d 312, 316.

15.     Defendant Guidry's actions resulted in Plaintiff being falsely imprisoned: "False imprisonment is the unlawful and total restraint of the liberty of the person." Crossett v. Campbell, 122 La. 659, 48 So. 141 (1908), cited as "the leading case" by Stone - Louisiana Civil Law Treatise, Vol. 12, La. Tort Doctrine, Sec. 203, at p. 267 (1977)..

16.     Defendant Guidry's actions, as alleged herein, amount to malicious prosecution and meet each of the six (6) elements for malicious prosecution as defined by our Louisiana Supreme Court ., <u>Eusant v. Unity Industrial Life Insurance and Sick Benefit Association of New Orleans</u>, Inc., 195 La. 347, 196 So. 554 (1940), Robinson v. Goudchaux's, 307 So.2d 287 (La. 1975), Johnson v. Pearce, 313 So.2d 812 (La. 1975), *all as cited in* Lees v. Smith, 363 So.2d 974, 978 (La.App. 3 Cir., 1978).

17.     Defendant Guidry's actions   meet each of the essential elements in Louisiana for a successful action in defamation: (1) defamatory words, (2) communication to persons other than the one alleging the action, (3) falsity, (4) malice, actual or implied, (5) resulting injury. <u>Madison v. Bolton</u>, 234 La. 997, 102 So.2d 433 (1958), <u>Rougeau v. Firestone Tire & Rubber Co.</u>, 274 So.2d 454 (La.App. 3 Cir. 1973), <u>Sas Jaworsky v. Padfield</u>, 211 So.2d 122 (La.App. 3 Cir. 1968), <u>Carter v. Catfish Cabin</u>, 316 So.2d 517 (La.App. 2 Cir. 1975).

18.     As a result of the above described events, Plaintiff suffered the following damages, which include, but are not limited to the following:

    A.     Past, present and future medical, hospital, doctor, and related expenses;
    B.     Past, present and future physical pain and suffering;
    C.     Past, present and future mental anguish and anxiety;
    D.     Past, present and future lost wages and diminished earning capacity;
    E.     Past, present, and future emotional distress;
    F.     Past, present, and future loss of enjoyment of life;
    G.     Past, present, and future embarrassment and humiliation;
    H.     Past, present, and future loss of consortium;
    I.     Residual physical disability; and,
    J.     Such other damages which are caused by the aforesaid incidents and which were sustained by the plaintiff.



19. The actions of Defendants were in wanton and reckless disregard for Plaintiff's clearly-established rights, and, as a result, Defendants are liable unto Plaintiff for punitive damages as allowed by law.

20. Plaintiff is entitled to and does hereby seek an award of all such other various and sundry relief to which she may be entitled in these premises.

21.   Plaintiff avers she has raised claims which subtend allegations of abuse of process, false arrest, false imprisonment, defamation, and malicious prosecution.

22.   Plaintiff would respectfully show that the one (1) year prescriptive period for a claim of false imprisonment runs from the date of release from prison unless interrupted or suspended. Restrepo v. Fortunato, 556 So.2d 1362, 1363 (La. App. 5th Cir. 1990).

23.   Where the actions of the Defendants coalesced to keep Plaintiff incarcerated until release on the same date of arrest,  the present lawsuit, filed within one (1) year of that date, is *per se* timely for all material purposes.

24.   Although not presently set forth and claimed herein, Plaintiff specifically shows that one (1) or more elements of her claims for damages may be based upon a deprivation of Constitutional rights.

25.   Plaintiff shows that to the extent discovery conducted with reference to the present proceeding reveals liability upon one (1) or more individuals acting under color of state law or otherwise subject to the provisions of 42 U.S.C. 1983, Plaintiff specifically reserves the right to amend the present Petition for Damages for the purpose of setting forth and establishing the said claim(s).

    **WHEREFORE**, Plaintiff **Amanda Thibodeaux.** prays that the Defendants be served with this petition, and after being duly cited to appear and answer same and the expiration of all legal delays and due proceedings are had, that there be judgment to include punitive damages rendered herein in favor of Plaintiff, and against Defendants, City of Rayne, through its Mayor, Jim Pettingjean, Chief Carol Stelly, individually and in his capacity as Chief of the Rayne  Police Department, and Officer Eddie Guidry, in his Individual and Official Capacities, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and all such other equitable and just relief to which plaintiffs may be entitled in these premises.



Respectfully Submitted,


**SPRING & SPRING, LLC**
**Attorneys at Law**


S. Stephen Spring, II, Esq.
Louisiana Bar Roll Number: 12,347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
225-932-9671 (telephone)
413-451-8923 (facsimile)
springlaw@gmail.com
Counsel for Plaintiff



**PLEASE WITH HOLD SERVICE.**

RECEIVED
ACADIA PARISH
CLERK OF COURT
CROWLEY LA.
2013 OCT - 2   A 10: 00

FILED  09-25-2013
Betty J. Hodgson
DY. CLERK OF COURT
ACADIA PARISH, LA



**Attorneys at Law**

*"Making the Law Work For You All Over the World"*

Stanley A. Spring, Esq. - Florida Bar
S. Stephen Spring, II, Esq. - Louisiana Bar

733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806

Telephone: 225-932-9671
Facsimile: 413-451-8923
springlaw@gmail.com
www.springlaw.net

John S. Penton, Jr., Esq. - Florida Bar *
David Mahdavi, Esq. - Virginia. Bar *
Julie S. Page, Esq. - California Bar *
* Of Counsel Member

Wash. D.C.: 202-465-4696
Miami, FL: 305-677-3847
U.K. Fax: 44-208-181-6545

Spring & Spring LLC
Communications House
Mayfair
London
W1U 6PZ

25 September 2013
(Sent Via Facsimile 337.788.1048 and USPS)

Honorable Robert Barousse
Acadia Parish Clerk of Court
Post Office Box 922
Crowley, Louisiana 70527-0922
337.788.8881 (telephone)
337.788.1048 (facsimile)

     Re:    Thibodeaux v City of Rayne et al
             Docket No. TBA Div: "TBA"
             Fifteenth Judicial District Court
             Parish of Acadia, State of Louisiana

Dear Honorable Clerk:

Please find following Plaintiff's Petition for Damages, which is sent via facsimile transmission of this filing in accordance with La. R.S. 13:850(A) which provides: "Any paper in a civil action may be filed with the court by facsimile transmission." In addition, Louisiana's Supreme Court has ruled that "Clearly, the filing of a petition by facsimile transmission is a 'service required by law' of a clerk of court, as La. R.S. 13:850 mandates that "[a]ll clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions." Tenney v. Burlington Northern & Sante Fe Ry. Co., 2003-1260, p. *4 (La. 1/21/04), 863 So.2d 526, 528, emphasis in original.

In accordance with said statute and the Louisiana Supreme Court's mandate, I would request you fax "a receipt of transmission" to my law offices at 413-451-8923. I will have the original signed document sent to you within five (5) days with the appropriate filing fee drafted on the firm's account. Should have any questions about this matter, please feel free to call our Baton Rouge offices at 225-932-9671.

THIBODEAUX V. CITY OF
RAYNE ET AL
          LETTER TO CLERK OF COURT
          PAGE 1 OF 2

SPRING & SPRING, LLC                    ATTORNEYS AT LAW

Sincerely yours,

**Spring & Spring, LLC**
Attorneys at Law

/s/ S. Stephen Spring, II
S. Stephen Spring, II, Esq.
SSS:kep

Cc: Client

Enclosures: [Petition for Damages ; SASE; Firm Check ]

RECEIVED
ACADIA PARISH
CLERK OF COURT
CROWLEY LA.

2013 OCT -2  A 10: 00

Daily Log Receipt

Date: 10/02/2013      Time: 10:03:23

Suit No. 201311000

AMANDA THIBODEAUX

VS

CITY OF RAYNE ET AL

Date: 10/02/2013     Check No: 3728

Amount: $250.00

**Comments:**
P1 PETN/DAMAGES

**Remitted By:**
SPRING & SPRING

**Deputy Clerk**



Civil Case Cover Sheet – Louisiana Supreme Court Case Administrative Rule 12

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption:

Court: _15th JDC_____  Docket Number: _2013110C0-E_____

Parish of Filing: _Acadia_____  Filing Date: _09-25-2013_____

Name of Lead Petitioner's Attorney: _S. Stephen Spring II_____

Name of Self-Represented Litigant: _____

Number of named petitioners: _1_  Number of named defendants: _____

Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

| | |
|---|---|
| _____ Auto: Personal Injury | _____ Auto: Property Damage |
| _____ Auto: Wrongful Death | _____ Auto: Unisured Motorist |
| _____ Asbestos: Property Damage | _____ Asbestos: Personal Injury/Death |
| _____ Product Liability | _____ Premise Liability |
| _____ Intentional Bodily Injury | _____ Intentional Property Damage |
| _____ Intentional Wrongful Death | _____ Unfair Business Practice |
| _____ Business Tort | _____ Fraud |
| _____ Defamation | _____ Professional Negligence |
| _____ Enviromental Tort | _____ Medical Malpractice |
| _____ Intellectual Property | _____ Toxic Tort |
| _____ Legal Malpractice | _____ Other Tort (describe below) |
| _____ Other Professional Malpractice | _____ Redhibition |
| _____ Maritime | _____ Class action (nature of case) |
| _____ Wrongful Death | |
| _____ General Negligence | |

2013 OCT -1 A 10 00
RECEIVED
ACADIA PARISH
CLERK OF COURT
CROWLEY LA.

Please briefly describe the nature of the litigation in one sentence of additional detail:
_false arrest_____

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name _S. Stephen Spring II_  Signature _____

Address _733 E. Airport Ave #104, Baton Rouge, LA 70806_

Phone number: _225-932-9671_  E-mail address: _springlaw@gmail.com_

