UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| AMANDA THIBODEAUX | : | |
| VERSUS | : | CIVIL ACTION NO. 6:13-CV-03073 |
| THE CITY OF RAYNE, ET AL | : | JUDGE DOHERTY, MAG. JUDGE HILL |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULES 12(b)(4), 12(b)(5), AND 12(b)(6)

MAY IT PLEASE THE COURT:

The CITY OF RAYNE, erroneously referred to as the City of Rayne through Jim Pettingjean, Mayor of Rayne; JAMES PETITJEAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER MAYOR OF THE CITY OF RAYNE, erroneously referred to as Jim Pettingjean; the RAYNE POLICE DEPARTMENT, erroneously referred to as the Rayne Police Department through Chief Carol Stelly; CHIEF CARROLL STELLY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF RAYNE, erroneously referred to as Chief Carol Stelly; and OFFICER EDDIE GUIDRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF RAYNE, plead insufficiency of citation and insufficiency of service of process and, therefore, that this Court lacks jurisdiction over the persons of the defendants.

The CITY OF RAYNE; JAMES PETITJEAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER MAYOR OF THE CITY OF RAYNE; the RAYNE POLICE DEPARTMENT; CHIEF CARROLL STELLY, INDIVIDUALLY AND IN HIS

OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF RAYNE; and OFFICER EDDIE GUIDRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF RAYNE, assert that since service of process has not been requested within 90 days of the commencement of the action or within 120 days of removal, this lawsuit must be dismissed pursuant to La. R.S. 13:5107(D) and FRCP Rule 4(m). Since the filing of the action did not interrupt or suspend the running of prescription against these defendants, plaintiff's claims against them are prescribed. La. R.S. 13:5107(D)(3).

## LAW & ARGUMENT

Plaintiff filed a Petition for Damages in the 15th Judicial District Court, Acadia Parish, Louisiana, on September 25, 2013, stemming from allegations concerning an incident which occurred on September 25, 2012. It is pertinent to note that in the Petition dated September 25, 2013, on page 5 of 6, plaintiff specifically asked the Clerk of Court to "PLEASE WITH HOLD SERVICE" [Court Doc. 1-2 pg. 8 of 22]. The letter forwarding the petition to the Acadia Parish Clerk of Court did not provide any service instructions to the Clerk [Court Doc. 1-2 pg. 10 and 11 of 22]. Thereafter, defendants filed a Notice of Removal with this Honorable Court, seeking to remove the above suit from the 15th Judicial District Court, Acadia Parish, Louisiana, to federal court, the United States District Court for the Western District of Louisiana, pursuant to the provisions of 28 U.S.C.A. § 1331 and § 1441(a)(b), based on Federal Question jurisdiction.

Pursuant to the original Petition for Damages, plaintiff named the CITY OF RAYNE; JAMES PETITJEAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER MAYOR OF THE CITY OF RAYNE; the RAYNE POLICE DEPARTMENT; CHIEF CARROLL STELLY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF

POLICE OF THE CITY OF RAYNE; and OFFICER EDDIE GUIDRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF RAYNE, as defendants therein, but withheld service at the time of the filing of the Petition for Damages. To date, there has been no request for service of the petition either to the State Court clerk or to the Clerk of United States District Court for the Western District of Louisiana and no defendants have been served.

La. R.S. 13:5107 provides, in pertinent part:

D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation **shall be requested within <u>ninety days</u> of the commencement of the action** or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.

(2) If service is not requested by the party filing the action within that period, **the action shall be dismissed without prejudice**, after contradictory motion as provided in Code of Civil Procedure Article 1672©,[1] as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.

(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, *<u>the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue</u>*.

---

[1]La. C.C.P. art. 1672(C) reads:
C.   A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

Since service was never requested on the defendants, the claim of the plaintiff should be dismissed without prejudice after a contradictory motion. See La. R.S. 13:5701 and La. Code of Civil Procedure Art. 1672 ( C ). *Jones v. Iberville Parish Council,* 2012-0391 (La. App. 1 Cir. 11/21/12), 111 So.3d 83, 84-85.

As noted by the Louisiana Second Circuit in *Matthews v. City of Bossier City,* 42, 202 (La. . App. 2Cir. 8/15/07), 963 So.2d 516, 518-519, and the Louisiana Fifth Circuit in *Borrello v. City of Kenner*, 99-420 (La.App. 5th Cir.11/30/99), 750 So.2d 230, once a governmental entity [or employee] is dismissed under La. R.S. 13:5107, the filing of the petition that is dismissed ***does not*** interrupt prescription. Furthermore, in *Pylant v. Jefferson Parish*, 05-148 (La.App. 5th Cir.06/28/05), 907 So.2d 807, *writ denied*, 05-1992 (La.03/17/06), 925 So.2d 537, the court held that the filing of a supplemental and amending petition **does not cure the failure to timely request proper service of the original petition** (Emphasis ours). *Accord, McGuire v. Environmental Monitoring Service, Inc.*, 03-497 (La.App. 5 Cir. 9/30/03), 865 So.2d 759 (The filing of an amending petition does not cure the failure to timely request proper service of the original petition).

Here, plaintiff complains about alleged tortious conduct occurring on September 25, 2012. She filed her original lawsuit on September 25, 2013. Pursuant to La. R.S. 13:5107(D), she had until December 24, 2013, to request service upon defendants, the CITY OF RAYNE; JAMES PETITJEAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER MAYOR OF THE CITY OF RAYNE; the RAYNE POLICE DEPARTMENT; CHIEF CARROLL STELLY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF RAYNE; and OFFICER EDDIE GUIDRY, INDIVIDUALLY AND

IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF RAYNE. This, she has never done, and plaintiff will not be able to establish a "good cause" reason as to why service was never requested under La. C.C.P. art. 1672 ( C ). *Godfrey v. Reggie,* 2011-1575 (La. App. 3 Cir. 5/2/12), 94 So.3d 82, 91.

Therefore, because plaintiff failed to timely request service of her original petition upon the defendants, the one-year statute of limitations was neither interrupted nor suspended by that filing. See La. R.S. 13:5107(D)(3); *Pylant, supra; Borrello, supra.* As such, plaintiff's claims stemming from an alleged September 25, 2012, action are now prescribed against these defendants.

This matter was removed to Federal Court on November 14, 2013. Pursuant to FRCP Rule 4(m) plaintiff had 120 days, or until March 14, 2014 to serve the defendants. Plaintiff has failed to request or effectuate service on any defendant for over 120 days after the case was removed to Federal Court.

Since the plaintiff has failed to effectuate service on any defendant, or even request service on any defendant, pursuant to FRCP Rule 4(m) the claim should be dismissed without prejudice. *Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections,* 528 F.3d 375, 379 (5th Cir. 2008). Further, since the failure to request or effectuate service on any defendant has never been made, the requirements of La. R.S. 13:5107 have been met and it is respectfully submitted that dismissal of the action is mandatory. *Cruz,* 528 F.3d at 381; *Truxillo v. East Baton Rouge Sheriff's Office,* 2010 WL 3259372, pg. 2. The claim has prescribed. *See Harris v. Hegmann,* 198 F.3d 153, 156–57 (5th Cir.1999) (citing *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir.1992); *Gartrell v. Gaylor,* 981 F.2d 254, 257 (5th Cir.1993)) (In a 1983 case,

"[a]lthough federal courts look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions"); *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir.1995) ("In § 1983 actions, a state statute of limitations and the coordinate tolling rules are in most cases binding rules of law which a federal court is authorized to disregard only if the state law is inconsistent with the Constitution and laws of the United States."). *Cruz*, 528 F.3d at 378 (5th Cir.2008) and note #7.

Since plaintiff failed to request service within 90 days of filing suit in state court and failed to request service or effectuate service within 120 days of the matter being removed to federal court, the claim should be dismissed without prejudice under both state law (See La. Code Civ. Proc. art. 1201( C ), La. Code Civ. Proc. art. 1672( C ) and La. R.S. 13:507) and federal law under FRCP Rule 4(m). Since the claim should be dismissed without prejudice, it is considered as never having been filed (La. R.S. 13:5107(D)) and prescription is not interrupted. The one year prescriptive period for plaintiff's claim expired on September 25, 2013. Since the claim should be dismissed without prejudice, the original filing of suit did not interrupt prescription. "A failure to timely serve citation on a state or state agency defendant, which results in dismissal of the state party from the case, prevents interruption of the running of the prescriptive period." *Cruz*, 528 F.3d at 380 (5th Cir.2008). Thus the claim is prescribed and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendants, CITY OF RAYNE, erroneously referred to as the City of Rayne through Jim Pettingjean, Mayor of Rayne; JAMES PETITJEAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER MAYOR OF THE CITY

OF RAYNE, erroneously referred to as Jim Pettingjean; the RAYNE POLICE DEPARTMENT, erroneously referred to as the Rayne Police Department through Chief Carol Stelly; CHIEF CARROLL STELLY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF RAYNE, erroneously referred to as Chief Carol Stelly; and OFFICER EDDIE GUIDRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF RAYNE, pray that they be dismissed from this action, with prejudice, and at plaintiff's costs.

Respectfully submitted,

BORNE & WILKES, L.L.C.

BY: _____s/John F. Wilkes, III_____
JOHN F. WILKES, III (Bar Roll #01644), T.A.
JOY C. RABALAIS (Bar Roll #26476)
RAY F. LUCAS, III (Bar Roll #27558)
TONYA R. SMITH (Bar Roll #30065)
KATHY L. SMITH (Bar Roll #30731)
BRENDA L. MISTROT (Bar Roll #20264)
DAVID CLAY CLARKE (Bar Roll #33062)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
Telephone: (337) 232-1604 Ext. 201
Facsimile: (337) 232-1837
E-mail: wilkes@bornewilkes.com

ATTORNEYS FOR CITY OF RAYNE, erroneously referred to as the City of Rayne through Jim Pettingjean, Mayor of Rayne; JAMES PETITJEAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER MAYOR OF THE CITY OF RAYNE, erroneously referred to as Jim Pettingjean; the RAYNE POLICE DEPARTMENT, erroneously referred to as the Rayne Police Department through Chief Carol Stelly; CHIEF CARROLL STELLY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF RAYNE, erroneously referred to as Chief Carol Stelly; and OFFICER EDDIE GUIDRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF RAYNE

## CERTIFICATE

I HEREBY CERTIFY that on April 22, 2014, a copy of the foregoing Memorandum in Support of Motion to Dismiss Pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6) was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to S. Stephen Spring, II, by operation of the court's electronic filing system.

                                              s/John F. Wilkes, III
                              JOHN F. WILKES, III (Bar Roll #01644)
                                  BORNE & WILKES, L.L.C.
                                     Attorney for Defendants