UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| AMANDA THIBODEAUX | : | |
| VERSUS | : | CIVIL ACTION NO. 6:13-CV-03073 |
| THE CITY OF RAYNE, ET AL | : | JUDGE DOHERTY, MAG. JUDGE HILL |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

MAY IT PLEASE THE COURT:

The RAYNE POLICE DEPARTMENT excepts to plaintiff's Petition for Damages on the

ground that the "RAYNE POLICE DEPARTMENT" lacks procedural capacity to be sued.  For a

plaintiff to sue a city department, it must enjoy a separate legal existence.  *Darby v. Pasadena*

*Police Department* 939 F.2d 311, 313 (5ᵗʰ Cir. 1991).  According to Rule 17 of the Federal Rules

of Civil Procedure, parties must have the capacity to sue or be sued.  To be empowered with

capacity to be independently sued, an entity must qualify as a "juridical person." *City Council of*

*City of Lafayette v. Bowen*, 649 So. 2d 611, 614 (La. App. 3d Cir. 1994), writ denied, 650 So. 2d

244 (La. 1995).  Louisiana Civil Code article 24 defines "juridical person" as an "entity to which

the law attributes personality, such as a corporation or a partnership."  See *Boudreaux v.*

*Bourgeois,* 1999 WL 804080, *3 (E.D.La. 1999), citing *Norwood v. City of Hammond,* 1999 WL

777713 at *2-3 (E.D. La. September 30, 1999).

In *Roberts v. Sewage and Water Board of New Orleans*, 634 So. 2d 341 (La. 1994), with

respect to the determination of juridical status of a governmental entity, the Louisiana Supreme

Court  looked to the independent nature of the entity insofar as its creation, powers, and duties

and articulated that a local government unit may be a juridical person separate and distinct from other governmental entities when the law grants it "legal capacity to <u>function independently and not just as the agency or division of another governmental entity</u>." *Id.* at 615.  Thus the Louisiana Supreme Court adopted a functional analysis considering the entity's independence and autonomy.  The laws governing the incorporation of the City make no provision for the police department as a separate entity.

Thus the RAYNE POLICE DEPARTMENT is merely a subdivision of the City or a subdivision of the municipality which is not a juridical person in its own right and which does not have its own capacity to sue or be sued.  The police department is not a separate and distinct body corporate and does not have legal capacity to function independently of the City itself, as it is under the control of the Mayor, but rather functions as an agency or division of the City.  It is not an autonomous, separate or independent body or entity, but rather is merely a division of the greater corporate juridical body, that being the City of Rayne, as shown by the Affidavit of Mayor Roland Boudreaux attached hereto as Exhibit "A."

In *Wright v. Moore*, 380 So. 2d 172 (La. App. 1st Cir. 1979), writ denied, 382 So. 2d 164 (La. 1980) the court held that the State of Louisiana and the Department of Health and Human Resources and the Department of Transportation and Development are not separate and distinct corporate bodies, and thus, the state was "indistinguishable from its executive departments." *Id.* at 173.  Similarly, the Third Circuit has held that the "Military Department is indistinguishable from the State of Louisiana . . . " *McGuire v. Honeycutt*, 387 So. 2d 674 (La. App. 3d Cir. 1980), writ denied, 397 So. 2d 1364 (La. 1981).  In noting that these cases are correct in their conclusions, the Louisiana Supreme Court articulated that "[a]lthough the

legislature had granted each state department involved the status of a body corporate with the power to sue and be sued, it had not placed either under an independent board with powers of self government . . ." but rather, "[t]he secretary of each department is appointed by and serves at the pleasure of the governor, and performs his or her functions under the control and supervision of the governor . . . [t]hus, each department does not have capacity to function independently of the governor, but merely functions as an agency or division of the State of Louisiana." *Roberts,* 634 So. 2d  at 350-51.

It is also well established that police departments do not have a separate existence from the city and are not suable entities. See *Darby*, 939 F.2d at 313 (under Texas law, police department in city organized under the home rule charger may not be sued); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D La. 2001); *Norwood v. City of Hammond,* 1999 WL 777713 at *2-3 (E.D. La. September 30, 1999).

Similarly here, the City has not granted the police department the status of a corporate body and has not placed it under a separate board with powers of self government.  Accordingly, the Rayne Police Department is not a separate, independent juridical person and cannot be sued as such.  Hence, the RAYNE POLICE DEPARTMENT requests that, pursuant to Louisiana state law and federal law, this Honorable Court order plaintiff to prove the procedural capacity of the "Rayne Police Department" to be sued as a juridical person, independent, separate and distinct of the City of Rayne, and in the absence of such proof, the RAYNE POLICE DEPARTMENT requests plaintiff's Petition for Damages be amended to delete reference to the "Rayne Police Department" as a separate and distinct juridical person and/or legal entity and that the suit filed against the "Rayne Police Department" as such be dismissed, with prejudice, at plaintiff's cost.

-3-

BORNE & WILKES, L.L.C.


BY: _____s/John F. Wilkes, III_____
          JOHN F. WILKES, III (Bar Roll #01644), T.A.
          JOY C. RABALAIS (Bar Roll #26476)
          RAY F. LUCAS, III (Bar Roll #27558)
          TONYA R. SMITH (Bar Roll #30065)
          KATHY L. SMITH (Bar Roll #30731)
          BRENDA L. MISTROT (Bar Roll #20264)
          DAVID CLAY CLARKE (Bar Roll #33062)
          200 West Congress Street, Suite 1000
          Post Office Box 4305
          Lafayette, Louisiana  70502-4305
          Telephone:  (337) 232-1604 Ext. 201
          Facsimile:  (337) 232-1837
          E-mail:  wilkes@bornewilkes.com

ATTORNEYS FOR THE RAYNE POLICE
DEPARTMENT


CERTIFICATE

I HEREBY CERTIFY that on April 22, 2014, a copy of the foregoing Memorandum in

Support of Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF

system.  Notice of this filing will be sent to S. Stephen Spring, II by operation of the court's

electronic filing system.


_____s/John F. Wilkes, III_____
JOHN F. WILKES, III (Bar Roll #01644)
BORNE & WILKES, L.L.C.
Attorney for Defendant

-4-