UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| AMANDA THIBODEAUX | * | CIVIL ACTION NO. 13-3073 |
| VS. | * | JUDGE DOHERTY |
| CITY OF RAYNE, ET AL. | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation are the Motion to Dismiss Pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6) filed by defendants, the City of Rayne through James Petitjean, Mayor of Rayne; James Petitjean, individually and in his official capacity as former mayor of the City of Rayne, the Rayne Police Department, Chief Carroll Stelly, individually and in his official capacity as Chief of Police of the City of Rayne, and Officer Eddie Guidry, individually and in his official capacity as a police officer for the City of Rayne, on April 22, 2014 [rec. doc. 3], and the Motion to Dismiss Pursuant to Rule 12(b)(2) filed by defendant, Rayne Police Department, on April 22, 2014 [rec. doc. 4].[1]  On June 14, 2014, defendants filed a Reply Memorandum.  [rec. doc. 14].  The undersigned took the motions under advisement on briefs.  [rec. doc. 9].

For the following reasons, it is recommended that the motions [rec. docs. 3, 4] be

---

[1] Under LR 7.5, opposition shall be filed within 21 days of service of the motion.  On June 5, 2014, plaintiff, Amanda Thibodeaux, attempted to file a Motion for Leave to Late-File Memorandum in Opposition to Defendants' Motion to Dismiss Pursuant to FRCP 12(B)(4), FRCP 12(B)(5), and FRCP 12(B)(6) [REC. DOC. 3], which was held by the Clerk of Court due to a deficiency.  [rec. docs. 8, 10].  That deficiency was never corrected.

**GRANTED**.

## Background

On September 25, 2012, plaintiff, Amanda Thibodeaux ("Thibodeaux"), was driving in the City of Rayne (the "City") when Police Officer Eddie Guidry ("Guidry") stopped her for allegedly violating an ordinance imposing a default speed limit of 25 miles per hour on roadways which lacked any posted speed limit signage. When Thibodeaux refused to sign the traffic citation/summons, Guidry arrested her for resisting arrest. Additionally, he seized $200.00 from her purse.

Ultimately, all charges were dismissed.

On September 25, 2013, Thibodeaux filed a Petition for Damages in the 15th Judicial District Court, Parish of Acadia, State of Louisiana, against the City, through its Mayor, Jim Petitjean ("Petitjean"); Chief Carol Stelly ("Stelly"), individually and in his official capacity as Chief of Police for the City, and Guidry, individually and in his official capacity as an employee of the Rayne Police Department. In the Petition, Thibodeaux alleged violations of 42 U.S.C. § 1983 and Louisiana state law for false arrest, false imprisonment, malicious prosecution and defamation. At the end of the Petition, plaintiff stated "PLEASE WITHHOLD SERVICE." [rec. doc. 1, Petition, p. 6].

On November 14, 2013, defendants removed the action to this Court asserting federal question jurisdiction under 42 U.S.C. § 1983. In the Notice of Removal, they asserted that plaintiff had withheld service and that no defendant had been served in this matter. [rec. doc. 1, ¶ 8]. However, defendants pled that they had notice of plaintiff's

allegations and, without waiving any motions, exceptions, or defenses, requested the timely removal of this matter.

On April 22, 2014, the City, Petitjean, the Rayne Police Department, Stelly and Guidry filed a Motion to Dismiss Pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6), for insufficiency of citation and insufficiency of service of process, and prescription. [rec. doc. 3]. Also on April 22, 2014, the Rayne Police Department filed a Motion to Dismiss Pursuant to Rule 12(b)(2) on the grounds that it was not a juridical person under Louisiana and federal law. [rec. doc. 4].

## Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (*quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Harold H. Huggins Realty, Inc.*, 634 F.3d at 796 (*quoting Iqbal*, 129 S.Ct. at 1949). This includes the basic requirement that the facts plausibly establish each required element for each legal claim. *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (*citing Iqbal*, 129 S.Ct. at 1949; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007)). However, a complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* (*quoting Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949).

## Law and Analysis

Defendants argue that because plaintiff failed to request service of process within 90 days of the filing of this action in state court or within 120 days of its removal to federal court, this case must be dismissed.[2]

Louisiana's rule for service on states and state agencies, LA. REV. STAT. § 13:5107D, provides:

> (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the

---

[2]The Court notes that plaintiff filed suit in State court on September 25, 2013, and defendants removed the action to this Court on November 14, 2013. Title 28 of the United States Code, § 1446, provides that a notice of removal of a civil action shall be filed within 30 days after the receipt by defendant of a copy of the initial pleading setting forth the claim for relief. However, a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C.A. § 1447(c). Plaintiffs chose not do so, thereby waiving any objections. *See* BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 471 (5th Cir. 2012); *Batton v. Georgia Gulf*, 261 F.Supp.2d 575, 591 (M.D. La. 2003).

> filing of a ... petition ....
>
> (2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice ....
>
> (3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, *shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision ....*[3]

(emphasis added).

> Federal Rule 4(m), provides as follows:
>
> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Here, defendants filed the Motions to Dismiss [rec. docs. 3, 4] on April 22, 2014. Under the local rules, plaintiff had 21 days to oppose the motions, *i.e.*, May 13, 2014. On June 5, 2014, which was over three weeks after the opposition deadline, plaintiff attempted to file a Motion for Leave to Late-File Memorandum in Opposition to Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(4), 12(b)(5), and FRCP 12(b)(6). [rec. doc. 8]. However, this document was held by the Clerk of Court for a deficiency. To date, that deficiency has not been corrected.

---

[3] Section 5107D was amended to add the following sentence: "If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service." LA LEGIS 379 (2014), 2014 La. Sess. Law Serv. Act 379 (S.B. 222) (Approved May 30, 2014).

The record reflects that plaintiff has failed to timely serve defendants in this action either within 90 days of filing pursuant to LA. REV. STAT. § 13:5107D or 120 days pursuant to Fed. R. Civ. P. 4(m). Defendants have filed a contradictory motion to dismiss asserting that they have not waived their right to service. By the attempted filing of plaintiffs' Motion for Leave to Late-File Memorandum in Opposition, plaintiffs' counsel has acknowledged that he has been provided notice of the motion, but has failed to timely respond.

Accordingly, the court finds that the requirements for dismissal under §13:5107 are satisfied in the present action. When the requirements for dismissal under § 13:5107 are met, dismissal of the action is required. *See Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections*, 528 F.3d 375, 381 (5th Cir. 2008) (noting that Louisiana courts have held that § 13:5107D is mandatory); *Truxillo v. East Baton Rouge Sheriff's Office*, 2010 WL 3259372, * 2 (M.D. La. Aug. 16, 2010). Moreover, the undersigned notes that even if the present case were analyzed under Fed. R. Civ. P. 4(m), the result would be the same. Accordingly, the undersigned finds that dismissal is appropriate.

Additionally, the undersigned notes that plaintiffs' filing suit does not interrupt the prescriptive period. Louisiana has a one year prescriptive period for all personal injury claims, including civil rights claims. *Rader v. Cowart*, 543 Fed.Appx. 358, 361 (5th Cir. 2013) (*citing Cruz*, 528 F.3d at 379). Although federal courts apply state prescriptive periods, they look to federal law to determine when a civil rights action accrues. *Id*.

(*citing Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir.1999); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir.1992)). The accrual date of a Section 1983 action is governed by federal law, which dictates that a Section 1983 claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action. *Colomb v. Grayson*, 2012 WL 4194501, *3 (W.D. La. Sept. 18, 2012) (*citing Lavellee v. Listi*, 611 F.2d 1129, 1130-1131 (5th Cir.1980)).

Under Louisiana law, delictual actions, including defamation, are subject to liberative prescription of one year, which commences to run from the day injury or damage is sustained. *Williams v. Nexstar Broadcasting, Inc.*, 11-887 (La. App. 5 Cir. 4/10/12); 96 So.3d 1195, 1201 (*citing* LA. CIV. CODE art. 3492); *Haygood v. Begue*, 2014 WL 1316200, * 5 (W.D. La. Mar. 31, 2014). Generally, for false arrest and false imprisonment type claims, the limitations period begins to accrue when the plaintiff is held pursuant to legal process, such as when the plaintiff is bound over by a magistrate or arraigned on charges. *Colomb* at *3 (*citing Wallace v. Kato*, 549 U.S. 384, 389-390, 127 S.Ct. 1091, 1096, 166 L.Ed.2d 973 (2007)). However, prescription does not begin to run on a claim for malicious prosecution until the underlying prosecution is dismissed. *Duncan v. State ex rel. Dep't of Health & Hospitals*, 2013 WL 3326024, *1 (La. App. 1 Cir. 6/27/13) (*citing Murray v. Town of Mansura*, 06-355 (La.App. 3 Cir. 9/27/06); 940 So.2d 832, 838, *writ denied*, 06-2949 (La. 2/16/07); 949 So.2d 419, *cert. denied*, 552 U.S. 915, 128 S.Ct. 270, 169 L.Ed.2d 197 (2007)).

In federal court, a dismissal under Rule 4(m) constitutes an abandonment of a claim, meaning that the claim is treated as having never been filed and thus fails to interrupt the running of a prescription period. *Cruz*, 528 F.3d at 378 (*citing Hilbun v. Goldberg*, 823 F.2d 881, 883 (5th Cir. 1987)). Louisiana, through § 13:5107D, provides that dismissal for failure to timely serve in suits against a state or state agencies prevents interruption of prescription, and Louisiana courts have held that § 13:5107D is mandatory. *Cruz*, 528 F.3d at 381 (*citing Chinn v. Mitchell*, 734 So.2d 1263, 1265 (La. App. 1 Cir. 1999)). In other words, a suit brought against an agency and later dismissed for failure to timely serve does not interrupt Louisiana's prescriptive period. *Id*. Although the procedures for serving an agency are different in federal and state court, such technical distinctions are unimportant. *Id*.

Here, it is unclear when the underlying prosecution against Thibodeaux was dismissed to determine whether it has prescribed. However, the record reflects that plaintiff has failed to timely serve defendants in this action either within 90 days of filing pursuant to LA. REV. STAT. § 13:5107D or 120 days pursuant to Fed. R. Civ. P. 4(m). Thus, it is unnecessary to address the prescription issue, as the undersigned is recommending that this case be dismissed without prejudice.[4]

---

[4]In its Motion to Dismiss [rec. doc. 4], the Rayne Police Department seeks dismissal because it is not a juridical person. The undersigned agrees. *See Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D. La. 2001); *Lavergne v. Lafayette City Police Dept.*, 2014 WL 931517, * 4 (W.D. La. March 10, 2014) (Lafayette City Police Department is not a legal entity capable of being sued). However, as the undersigned has recommended dismissal of this case on other grounds, it is not necessary to address this argument.

## CONCLUSION

Based on the foregoing reasons, it is recommended that the motions by defendants to dismiss [rec. docs. 3, 4] be **GRANTED** and this action be **DISMISSED WITHOUT PREJUDICE**.

Signed July 9, 2014, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 7/9/2014
By: MBD